UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JANNA RANAE SATTERWHITE,<br><br>Defendant. | Case No. 1:23-cr-00123-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendant Janna Ranae Satterwhite's pro se filings: (1) a Motion for Return of Property (Dkt. 35) and (2) two Motions to Reduce Sentence under 18 U.S.C. § 3582(c)(2) (Dkts. 36, 37). The Government has filed an opposition to the motions for reduction (Dkt. 38). Having reviewed the record, the Court finds the facts and legal arguments adequately presented and resolves the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Crim. P. 78(b).

## BACKGROUND

Satterwhite seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the 2023 retroactive amendments to the Sentencing Guidelines. Specifically, she relies on Amendment 821, Part A (status-point reduction) and the concurrent changes to U.S.S.G. § 2D1.1 through the creation of a "zero-point offender" adjustment under § 4C1.1.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general rule of finality. *See Dillon v. United*

**MEMORANDUM DECISION AND ORDER - 1**

*States*, 560 U.S. 817, 824 (2010). Under § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Sentencing Commission subsequently lowered the defendant's sentencing range, a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and the court considers the § 3553(a) factors.

The analysis is twofold: (1) whether a retroactive amendment to the Guidelines lowered the applicable range; and (2) whether a reduction is consistent with the § 3553(a) factors and the Commission's policy statements. *See Dillon*, 560 U.S. at 826-27; U.S.S.G. § 1B1.10. Any reduction is limited to the low end of the amended guideline range absent a substantial assistance departure. U.S.S.G. § 1B1.10(b)(2). A court lacks authority to impose a sentence below the statutory minimum absent specific statutory authorization.

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, that "a person aggrieved . . . by the deprivation of property may move for the property's return." If a defendant seeks return of property after pleading guilty and being sentenced, there is a presumption that he is entitled to return of the property. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). To overcome the presumption, the government has the burden of showing "that it has a legitimate reason to retain the property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991). The government may meet its burden by establishing "the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." *Id.* at 1061. In addition, a Rule 41(g) motion is appropriately denied if the government demonstrates "a cognizable claim of ownership or right to possession adverse to that of the defendant." *Mills*, 991 F.2d at 612 (cleaned up).

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

Neither motion for reduction of sentence has merit and both are denied. The Court cannot resolve Defendant's request to return property on the record before it and directs the Government to respond within thirty days of the date of this order.

### A.    Amendment 821, Part A (Status Points)

Satterwhite argues that Part A of Amendment 821 retroactively reduces criminal-history "status points" assessed under U.S.S.G. § 4A1.1(e) and therefore lowers her guideline range. The record, however, shows she did not receive any status points when her criminal history category was calculated. Because Amendment 821, Part A affects only defendants who were previously assigned such points, it does not apply to Satterwhite. Accordingly, her motion for reduction on that ground is denied.

### B.    Section 2D1.1 / Zero-Point Offender Adjustment (§ 4C1.1)

Satterwhite also contends that she qualifies for a two-level reduction as a "zero-point offender" under U.S.S.G. § 4C1.1. The Presentence Investigation Report reflects, however, that she was assessed five criminal-history points and thus was not a zero-point offender under Chapter 4, Part A of the Guidelines. Because § 4C1.1 applies only to defendants with zero criminal-history points, she is ineligible for this adjustment. To the extent Satterwhite is requesting that her criminal history calculation be revisited in light of the retroactivity of Amendment 821, her argument again fails as Amendment 821 does not apply to Satterwhite.

### C.    Motion for Return of Property

Satterwhite also moves under Federal Rule of Criminal Procedure 41(g) for the return of property seized during the investigation into her criminal activity, identifying $2,000 in cash, two cell phones, and a Dooney & Burke wallet.

MEMORANDUM DECISION AND ORDER - 3

As reflected in the record, the Indictment (Dkt. 2) included a forfeiture allegation under 21 U.S.C. § 853(a) seeking forfeiture of "unrecovered cash proceeds," "facilitating property," and "substitute assets." At her change-of-plea hearing, Satterwhite admitted to the forfeiture allegation. The Magistrate Judge's Report and Recommendation (Dkt. 25) found that her plea and forfeiture admission were knowing and voluntary, and this Court adopted the Report and Recommendation in full (Dkt. 27). Satterwhite was thereafter sentenced in accordance with her plea.

Under these circumstances, the record establishes that Satterwhite pleaded guilty to the forfeiture allegations, and the Court's adoption of the Report and Recommendation ordered forfeiture as part of the conviction. Nevertheless, the current record lacks sufficient factual detail for the Court to determine whether the specific items Satterwhite identifies—the $2,000, two cell phones, and wallet—constitute facilitating property or substitute property within the scope of the forfeiture. The Court must have a factual basis before it to determine whether the property sought is connected to the offense or otherwise subject to forfeiture. *See United States v. Turnbull*, No. 1:21-cr-00029-DCN, 2023 WL 8238882, at 2-3 (D. Idaho Nov. 27, 2023).

Accordingly, the Court directs the United States to respond to the motion to return property and clarify the forfeiture status of the listed items within thirty days of the date of this order. Thereafter, the Court will issue an order of final forfeiture or grant Satterwhite any appropriate relief.

## ORDER

**IT IS HEREBY ORDERED:**

1.    Defendant's Motions to Reduce Sentence (Dkts. 36, 37) are **DENIED**.

2.    The United States shall file a response to Defendant's Motion for Return of Property (Dkt. 35) within **thirty (30)** days of the date of this Order, addressing whether the

**MEMORANDUM DECISION AND ORDER - 4**

property identified by Defendant—$2,000 in U.S. currency, two cell phones, and one Dooney

& Burke wallet—was forfeited.

DATED: November 03, 2025

Amanda K. Brailsford
**Amanda K. Brailsford**
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**